**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21118

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| Brian Diez, <br><br> Plaintiff, <br><br> v. <br><br> Transworld Systems Inc., <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br><br> JURY TRIAL DEMANDED |

Plaintiff Brian Diez, by and through the undersigned counsel, complains, states, and alleges against defendant Transworld Systems Inc. as follows:

**INTRODUCTION**

1.  This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over defendant Transworld Systems Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Brian Diez ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Transworld Systems Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Lake County, Illinois.

8. Defendant has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's businesses is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope

of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Defendant alleges Plaintiff owes $40.00 ("the alleged Debt") to "NUMC Faculty Practice Plan." ("Practice Plan").

16. Plaintiff did not owe $40.00 to Practice Plan.

17. Plaintiff did not owe money to Practice Plan.

18. Plaintiff was never indebted to Practice Plan.

19. Plaintiff did not owe the alleged Debt to Practice Plan.

20. Practice Plan never offered to extend credit to Plaintiff.

21. Practice Plan never extended credit to Plaintiff.

22. Plaintiff was never involved in any transaction with Practice Plan.

23. Plaintiff never entered into any contract with Practice Plan.

24. Plaintiff never did any business with Practice Plan.

25. Practice Plan is a stranger to Plaintiff.

26. The alleged Debt does not arise from any business enterprise of Plaintiff.

27. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

28. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

29. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

30. In its efforts to collect the alleged Debt, Defendant caused correspondence, including a collection letter dated December 10, 2020, to be sent to Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

3

31. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

32. The Letter conveyed information regarding the alleged Debt.

33. The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

34. 15 U.S.C. §§ 1692g and 1692e protects Plaintiff's concrete interests and rights.

35. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

36. Plaintiff has the interest and right to be free from unwarranted threats to Plaintiff's credit rating.

37. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

38. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant.

39. As set forth herein, Defendant deprived Plaintiff of these rights.

40. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

41. Plaintiff's injury is directly traceable to Defendant's conduct because Defendant initiated the communications, and but for Defendant's conduct, Plaintiff would not have been deprived of his rights.

42. Plaintiff has been misled by Defendant's conduct.

43. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

44. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

45. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

46. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

47. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

48. As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

49. As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

50. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

51. A favorable decision herein would redress Plaintiff's injury with money damages.

52. A favorable decision herein would serve to deter Defendant from further similar conduct.

53. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope

5

of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

56. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

57. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

58. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

59. As set forth in paragraphs 15-25 of this Complaint, Plaintiff did not owe the Claimed Amount.

60. As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

61. In sum, Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

62. As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

63. To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor

to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

64. A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

65. As set forth in paragraphs 15-25 of this Complaint, Plaintiff did not owe money to Practice Plan.

66. As such, Defendant did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

67. In sum, Defendant's statement that Practice Plan was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to Practice Plan, violates 15 U.S.C. § 1692g(a)(2).

68. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2) and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

70. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

71. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

72. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

7

73. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

74. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

75. As set forth in paragraphs 15-25 of this Complaint, Plaintiff did not owe the Claimed Amount.

76. As set forth in paragraphs 15-25 of this Complaint, Plaintiff did not owe money to Practice Plan.

77. As such, Defendant's allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

78. Defendant's allegation that Plaintiff owed money to Practice Plan is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

79. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

80. Defendant's allegation that Plaintiff owed money to Practice Plan is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

8

81.    Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

82.    Defendant's allegation that Plaintiff owed money to Practice Plan is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

83.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

84.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f. Such other and further relief that the Court determines is just and proper.

DATED: March 8, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055

9

          Our File No.: BRL21118
          *Attorneys for Plaintiff*

10